IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GRENDA RAY HARMER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:12-0103 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| HEATHER SCOTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Grenda Ray Harmer, filed this action under 42 U.S.C. §§ 1983 against the Defendants, Heather Scott, Jerry Lester, and Derrick Schofield. Plaintiff's claims are that Defendant Heather Scott filed a retaliatory discipline report against Plaintiff in violation of her First Amendment rights.

Before the Court is Defendant Jerry Lester's motion to dismiss for failure to state a claim (Docket Entry No. 40), contending, in sum, that Plaintiff fails to allege facts that Defendant Lester was directly involved in the alleged violation of Plaintiff's constitutional rights. Plaintiff has filed a reply (Docket Entry No. 48).

For the reasons set forth below, the Court concludes that Plaintiff's complaint fails to provide specific factual allegations to state plausible claims against Jerry Lester, and Defendant Lester's motion to dismiss should be granted.

### I. Analysis of the Complaint

According to the amended complaint (Docket Entry No. 38, ¶ 1, 10), on November 9, 2011, Plaintiff, an inmate at Turney Center Industrial Complex ("TCIX"), went to the prison library to conduct research. Defendant Heather Scott, a Clerical Correctional Officer ("CCO") and TCIX librarian, informed Plaintiff that he needed to wait to use a computer in the library. Id. at ¶ 2, 10.

While waiting to use a computer, Plaintiff complained to Defendant Scott that other inmates were allowed to use the computer before him. Id. Plaintiff then requested a grievance form from Defendant Scott in order to file a complaint against her. Id. Defendant Scott then filed a disciplinary report against Plaintiff for attempting to intimidate the staff. Id.

On November 15, 2011, as a result of Defendant Scott's disciplinary report, Plaintiff appeared before a Disciplinary Hearing Officer ("DHO"). Id. at ¶ 11. The DHO found Plaintiff not guilty. On November 18, 2011, Plaintiff filed a grievance against Defendant Scott, claiming that she had retaliated against him as a result of Plaintiff's request for a grievance form to file a complaint against Defendant Scott. Id. at 12. On November 28, 2011, the Grievance Chairperson denied Plaintiff's greivance. Id. at 13. Plaintiff appealed this decision to Defendant Jerry Lester, TCIX Warden. Id.

On November 30, 2011, Defendant Lester denied Plaintiff's grievance appeal. Id. at ¶ 14. On December 3, 2011, Plaintiff appealed Defendant Lester's denial of Plaintiff's grievance appeal to Defendant Derrick Shofield, Tennessee Department of Corrections ("TDOC") Comissioner. Id. On December 15, 2011, Rueben Hodge, TDOC Assistant Commissioner of Operations denied Plaintiff's appeal. Id. at ¶ 15.

## II. Conclusions of Law

"[A] civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Com'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). However, the Court "'need not accept as true legal conclusions or unwarranted factual

2

inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. (citations and quotation marks omitted).

In Ashcroft v. Iqbal, the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. Rule Civ. Proc. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "makes assertion[s]" devoid of "further factual enhancement." Id. at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).
>
> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 555. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d. Cir. 2007). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not "show[n]", "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the

3

framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

556 U.S. at 677-79.

As the Sixth Circuit stated, "[a] motion under Rule 12(b)(6) is directed solely to a complaint itself . . .." Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971); see also Passa v. City of Columbus, 123 Fed.Appx. 694, 698 (6th Cir. Ohio 2005). Yet, in evaluating a plaintiff's complaint, under Fed. Rule Civ. Proc. 10(c), any matters attached to the pleadings are considered part of the pleadings as are documents that a defendant attaches to a motion to dismiss that are referred to in the complaint and "central" to the claim. Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. There are two essential elements to an action under § 1983: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); 42 U.S.C. § 1983.

As to the first element, Plaintiff alleges under 42 U.S.C. § 1983 that Defendant Lester, "as the final decision-maker at the institutional level of the grievance process condoned and tacitly acquiesced in Ms. Scott's retaliatory actions against him" (Docket Entry No. 38, ¶ 19). For a § 1983 action against a supervisory official, a plaintiff must allege that the defendant was either directly or personally involved in the alleged unconstitutional activity. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). "What is required is a causal connection between the misconduct complained of and the official sued." Id.

Liability under § 1983 must be based on more than *respondeat superior* or the right to control

4

employees. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

Id. at 300 (citations omitted).

Here, Plaintiff alleges that Defendant "failed to provide adequate training and training materials to Defendant Scott." (Docket Entry No. 38, p. 7). Plaintiff does not allege any facts suggestive of "causal connection" between Defendant Lester and the events that occurred on and around November 11, 2011 other than his failure to train Defendant Scott properly. Dunn at 128. Although Plaintiff alleges that "Defendant Lester...tacitly acquiesced in the practice and custom of TCIX employees issuing disciplinary reports against inmates for engaging in protected conduct," Plaintiff does not allege any facts in his complaint or elsewhere that Lester "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officer[s]." (Docket Entry No. 38, p. 7). Shehee at 300. Thus, the Court concludes that factual allegations for Plaintiff's § 1983 claim against Jerry Lester in his individual capacity fails to state a claim.

Accordingly, for these reasons, the Court concludes that Defendant Lester's motion to dismiss (Docket Entry No. 40) should be granted.

An appropriate Order is filed herewith.

ENTERED this the _____ day of January, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court